Andrew Smith appearing for appellant and there will be no appellee participating in this argument. Okay, Mr. Smith, you have 15 minutes all to yourself, so please go ahead. Good morning, your honors. I think I'll take five and I'll follow what the court said about just briefly touching on two or three points. As you know, no appellee brief was filed, so I'll take the judge's opinion and argue against just a few of those points. The first matter is when the Ninth Circuit ruled after the BAP, I think, dismissed the case between the BAP ruling and the Ninth Circuit, this new case was filed right in the middle of the appeal process. The Ninth Circuit upheld what the BAP said about the lack of standing because relief couldn't be granted, but the BAP, I mean, the Ninth Circuit went on on page three and stated after ruling, quote, the Ninth Circuit said, although we ordinarily do not address the merits of an issue, once we have determined that there is a defect in the party's standing, the BAP also addressed the merits in its decision. In so doing, the BAP held that the bankruptcy court erred to the extent it granted a default judgment that exceeded the relief requested in the complaint. And so I, you know, in my brief, I talked about all the hurdles they have to do this procedure of filing a new case and combining them, but the Ninth Circuit picked that one and I can, you know, I can see arguments. I don't know if I should bring them up and address them under 11 U.S.C. 550, but apparently and the statute of limits, the Ninth Circuit thought to emphasize that. And I think that's that's determinative. But let me let me ask you that the new the new case the trustee filed while the appeals were pending, that wasn't a default judgment, right? You answered that there was there were motions practice. And I think even a evidentiary hearing or trial. Correct. Correct. And I might say I had an affirmative defense on the statute of limits. Now, in one way that there might be nothing wrong with that, but the procedure where the judge combined the cases and in my view, took sort of the good parts of doing that and left them and got rid of the bad parts wasn't not was not just not fair to us. I don't I think it didn't cure any statute of limit problems. The first case we remanded from the Ninth Circuit and we're having a hearing and the judge, we have this new case and we had Miss Kim at a case. And the judge said as a matter of housekeeping, we'll consolidate them and specifically said this won't harm anybody's rights. It's everyone's rights will be preserved. It's in the consolidation order, which is not called a consolidation order. It simply dismisses the other cases, says our rights are preserved. In my brief, I also, you know, reference a Supreme Court case that came out after that saying consolidation didn't give up rights. Well, at that time, we had two real good arguments. One was. That the first case had not asked for money relief and we were in default, so they cannot get money relief on approval. And the other argument we had was it was beyond the statute of limits. Now, it may have been inadvertent that they dismissed the first case, perhaps. And and I didn't ask them to. And the judge would refer to this argument when I would state it as a gotcha argument. We don't play gotcha in this court. And I wasn't doing that. Maybe it shouldn't have been dismissed. It should be brought back to life and maybe they can try and amend it. However, if it's, you know, if it's brought back to life, they still have this fact that we're a party in default and you can't get relief greater than that. Now, can't you? Couldn't they? This is a hypothetical, obviously, but let's suppose the the original case that was part of the first appeal before the BAP had not been dismissed. All right. And the trustee had moved for leave to amend the complaint, gotten leave and then served the amended complaint on your clients. Wouldn't that have been OK? Yes, but then there's another problem. Well, they didn't at one time. I kind of mentioned that, but they didn't. And I think there's a problem under 11 U.S. C5 50. Two problems. Well, is the problem that Judge Blubach wasn't sufficiently clear about what she thought she was achieving when she asked everybody to agree to this? Let's make it more efficient format. Or is it something else? I think perhaps she didn't realize that had a lot of consequences. They gave them some arguments to consolidate because I mean, she clearly believed that she understood what was being achieved through that. And, you know, now you disagree with her. Right. But I mean, do you disagree because it wasn't sufficiently clear? So you didn't really waive or is it something else? No, no. It was it was clear that it was the consolidation was sort of for administrative purposes. And there was a protection in there that this consolidation will not waive anybody's arguments. And so I actually don't even now disagree with that. But now the court and Mr. Abbasi is saying we waived some very big arguments. One was a statute of limits one. But even worse, we supposedly waive this. You can't amend, you know, and get a judgment beyond what's asked in the complaint. I do. Let me ask. Let me ask you a question. There's multiple complaints here we're talking about, but the timeliness issue is different for each of them. Are you and I understand that you would be contending that the new complaint the trustee filed while the appeals were pending were untimely. I understand your position on that. Is it also your position that the original complaint was untimely on some basis? No, not no. And I didn't put such an affirmative defense. So it wasn't. But I have another statute of limits type of argument, and that's 11 U.S.C. 550. The time limit on that starts when there's a final judgment. So there was a judgment that went up to the BAP. And so the argument that Judge Bluban seems to say is, well, it's gone now. You know, I'm. But if you look up the case, I cited in my brief and I have some here. But basically, they state that a final is defined as when, you know, a judgment ends the case. It's also defined as when you get to wonder where I put my piece of paper. It's also defined as when a party is able to appeal. So it was final and we appealed. Now what happens is it gets dismissed. I mean, it gets that's correct. The BAP dismisses of the Ninth Circuit does. So Judge Bluban seems seems to argue, well, you know, that that time limit didn't start under 550 because, you know, that's gone. That judge was gone. Well, I just there's no authority about that. And it seems like a really wrong rule. Well, I know a judge jury has a case, I don't have it here, that addresses when does the 550 time limit start? And basically, it doesn't even have to be a judge, sort of like when it's all settled. But if that was a rule that years in the future, when the BAP or the Ninth Circuit reverses, now somebody is back in the ballpark to start a 550 years and years later passed the rule. And secondly, to that for that argument of reveal, you'd also have to sort of make the original judgment good by doing what this court said could have been done, but it wasn't done. And there's another the alternative rule that I think you're arguing for would basically let's say there is this final judgment of avoidance, then there's an year, right? In the federal system, if you include an appeal to the Court of Appeals, most appeals are going to take more than a year. So your rule would basically require the trustee or whoever is seeking avoidance to file the 550 action while that final judgment is still up in the air. We would be requiring litigation to start up again while the appeal is going on. Isn't that kind of a necessary consequence of your argument? I mean, obviously, that's a good argument. However, why we think this is unfair is. That. Basing what you said, Judge Ferris, is that it seems to say that this deal of filing in the middle of the appeal process, a new case that sort of cures all the defects the BAP has mentioned on the first case, and we have the first case still there that that cures it. So, OK, I can understand staying tolling the 550 if the original case under 546 on appeal. Yes, then, of course, you could told the 550. And there's one other problem with 550, and that is and I know there might be a little disagreement in the courts, but I think the vast majority, maybe not, is the rule that to get relief under 550, you must actually have recovered the fraudulent transfer or set it aside. Now, there are some cases that let me go back and ask you a question before you turn to that argument about the new case that was filed during the appeal. When the trustee first filed that case, that really wasn't about avoiding or recovering the transferred property was that was really kind of a sort of a malpractice case arising out of the bollocks stuff foreclosure of those trustees. Right. At least at the end section. Isn't that I have that right? Well, they put they put, yes, the messed up foreclosure. They added those defendants. But they added us and basically said, you know, all those things where we could have got a money judgment, where the BAP says you're out a lot, the Ninth Circuit, Charlotte. Well, here it is. Here's how we cure it. So as to us, we were added in and they you know, there was an election at the end of the first case where and I kind of knew there'd be a problem. I was crossing my fingers. They would take the one they did. So rather than amend or do anything like that, they file a new one. And if you're going to it's after the statute of limits for a money judgment, I get I understand what the court saying about 550, how it's told. But. But filing in the middle of the appeal process, asking for a money judgment you didn't have way back when that you could have put in, I think you're past the statute of limits on that. There's no argument why that you're told. The last thing I have to say about the 550 is that plain language says. That you don't get the money judgment equivalent of the fraudulent transfer unless you've set it aside, it seems to say that. I think it's a minority case to say, well, you can say you can prove that it's set aside or you can just prove that it was. You know, it was wrongful, it was it was done wrong, and if it's impossible to set it aside, we'll we'll let you off the hook in some circumstances. And one of the circumstances would be, of course, the assets out of the country or burned down or something like that. But this circumstance where recovery is not possible is lack of standing. Now, I don't know the name of the case, but there's one case against me on that where the lack of standing was a statute of limits. And they said, OK, but it's still wrongful. I think that was a trial level court. But the lack of standing here is a well, it's caused by the trustee himself. And he was warned by Judge Blum on. Then they transfer the asset to the debtor, sell it. And that's what ended up the BAP and the Ninth Circuit saying standing is gone. So if your impossibility of making a recovery is lack of standing, that that alone to me, I think, is enough argument to say you can't recover under 546. So you don't get the money equivalent under 550. Well, in this case, they cause their own lack of standing. And the plain language of 550, it doesn't say show that the judgment was bad and damaged or caused money, although some cases say that it says as a prerequisite to 550, you have to have you have to have had a recovery under 546. You got the recovery. Normally, that cures everything. If it's like removing a, you know, a deed or a trust deed, that's full relief. As the BAP said, you're back to got all the relief you need. But in some cases that won't do the trick. So 550 says you can go in and get the money equivalent. But again, it plainly says you have to first set aside, not prove that it's wrong. So thank you, your honors. I didn't think I used 14 minutes, but I did. Any more questions for the panel? Thank you. No. OK, thank you very much, Mr. Smith. The matter is submitted. Thank you. OK, thanks very much. Bye bye. Bye.
judges: Faris, Lafferty, Gan